# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA HUGHES,          )
)
     Plaintiff,         )
)    2:18-cv-01235
        v.           )
)
NATIONWIDE BANK,       )
)
     Defendant.       )

## **MEMORANDUM OPINION**

**Mark R. Hornak, Chief United States District Judge**

Pending before the Court is Plaintiff Joshua Hughes's latest motion, which is entitled "Plaintiff's Conditional Motion *nunc pro tunc* for Leave to File Second Amended Complaint and Request Leave to Conduct Limited Discovery as to Jurisdiction, Or in the Alternative, Request to Transfer Case Pursuant to 42 Pa. C.S.A. § 5103(b)." (2d Mot. to Amend, ECF No. 60.) For the reasons stated below, the Second Motion to Amend is denied.

Plaintiff initiated this action individually and on behalf of all others similarly situated against Defendant Nationwide Bank on September 17, 2018. (Op., ECF No. 56, at 3; Compl., ECF No. 1.) The Complaint states that "[t]his consumer protection class action seeks equitable, declaratory, and monetary relief to redress Defendant's pattern and practice to fail to provide commercially reasonable post-repossession consumer disclosure notices." (Compl. ¶ 2.)

Defendant answered the Complaint and filed a Motion for Partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c)—seeking dismissal of Count II of Plaintiff's Complaint for failure to state a claim and lack of standing—and a Motion to Dismiss Plaintiff's Class Allegations under Rule 23(d)(1)(D). (Def.'s Answer, ECF No. 29; Def.'s Mot.

for Partial J. and Mot. to Dismiss, ECF No. 30.) Instead of filing a response to the Motion for

Partial Judgment, Plaintiff filed a flurry of motions seeking various forms of relief. (*See* Mot. to

Determine Choice of Law, ECF No. 38; Mot. to Amend, ECF No. 45; Mot. to Stay, ECF No.

47.) The Court denied the Motion to Stay with the following Order:

> Plaintiff has already been granted (over the objections of opposing counsel)
> limited discovery as provided for in this Court's January 8, 2019, Order [22].
> Then, Plaintiff informed the Court that he intended to amend his Complaint [1]
> for the very purpose of "pleading the choice of law issue in the alternative" (ECF
> No. 41). Plaintiff now seeks more discovery on the issue of choice of law in order
> to respond to a motion that would become moot if Plaintiff is granted leave to file
> an amended complaint. Plaintiff's most recent request for another substantial
> deviation from the Federal Rules of Civil Procedure is therefore denied. At this
> juncture, Defendant's response to the Motion to Amend/Correct [45] remains due
> on or before 04/02/2019. Plaintiff shall not file a reply to his Motion to Determine
> Choice of Law [38] until the Court has resolved [45], should [38] remain live.
> While the Court provided Plaintiff some leeway to gather information about his
> case prior to formal discovery, the Court intends to manage this case in
> accordance with the Federal Rules of Civil Procedure: complaint, Rule 12
> response, discovery--in that order, absent good cause, which (at this point)
> Plaintiff has not demonstrated.

(Order, ECF No. 48.)

In a detailed Opinion, the Court denied Plaintiff's Motion to Amend. First, the Proposed

Amended Complaint ("PAC") failed to adequately plead subject-matter jurisdiction. While

Plaintiff's Initial Complaint (ECF No. 1) asserted subject-matter jurisdiction on the basis of

diversity jurisdiction under 18 U.S.C. § 1332(a) and (d), the PAC only asserted subject-matter

jurisdiction under 18 U.S.C. § 1332(d), commonly referred to as "CAFA jurisdiction."[1] The

Court *sua sponte* concluded that the PAC failed to establish CAFA jurisdiction because it merely

alleged that "at least one class member is a citizen of a different state than Defendant." (ECF No.

---

[1] The Class Action Fairness Act of 2005 (CAFA) "confers on district courts 'original jurisdiction of any civil action'
in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all
individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members
('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting
28 U.S.C. § 1332(d)(2), (5)(B), (6); and *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013)).

45-1 ¶ 24.)) But, there were no allegations of the citizenship of any class member, including Plaintiff, rendering the basis of CAFA jurisdiction "entirely conclusory." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Because the PAC failed to establish the citizenship of any purported class member or even Plaintiff himself, the PAC failed to establish subject-matter jurisdiction under § 1332(d). As such, the Court denied the Motion to Amend without prejudice to Plaintiff curing this simple error. However, this defect—failing to establish minimally diverse parties—also appeared in the Initial Complaint, and it is a defect that is similarly fatal to § 1332(a) diversity jurisdiction.[2] Because the Initial Complaint failed to plead subject-matter jurisdiction, the Court dismissed the Initial Complaint without prejudice to Plaintiff curing this "likely curable" defect. (Op. at 3.)

Because the Court assumed that the subject-matter jurisdiction defect would be an "easy fix," the Court's Opinion went on to address the core arguments presented in the Motion to Amend, relating to what state law applies to Plaintiff's individual and class claims. Plaintiff's Complaint asserted that his own individual claims fall under the Pennsylvania UCC, but the Complaint's class description included individuals from other states, in which cases the equivalent statute in that state applies to the individual proposed class member's claims. (Op. at 4.) But Plaintiff sought leave to amend the Initial Complaint to plead that *Ohio* substantive law applies to his individual UCC claims and to amend the class and subclass descriptions and to include "alternative" classes and subclasses. (PAC ¶¶ 9, 26.)

---

[2] Because Plaintiff failed to plead his own citizenship, he could not establish jurisdiction on the basis of diversity of citizenship. "Plaintiff's references to the individuals as 'residents' rather than 'citizens' are 'jurisdictionally inadequate.' Mere residency is insufficient for purposes of diversity of citizenship." *Coulter v. Tatananni*, No. 17-629, 2017 U.S. Dist. LEXIS 102900, at *6 (W.D. Pa. June 30, 2017) (quoting *McNair v. Synapse Group, Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012)). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

The Court ultimately concluded that Pennsylvania law applied to Plaintiff's individual claims. The Court Ordered that any Second Proposed Amended Complaint comply with that determination. (Op. at 22.) Furthermore, the Opinion included the following observations:

> The Court instructs Plaintiff that he shall adhere to this Court's Local Rules . . . . The Court also notes that Plaintiff has thus far taken an incredibly freewheeling approach to this litigation. Some examples include responding to motions with motions (e.g., responding to ECF No. 30 with ECF No. 38), seeking a plethora of discovery before his own pleadings are even fixed (ECF Nos. 12, 47), filing notices of mediation out of compliance with the Local Rules (ECF Nos. 52, 53), and even filing a letter with the Court requesting amendments to the Court's Order granting Plaintiff the relief he himself sought (ECF No. 28). Whether these actions are tactics aimed at antagonizing the opposition or a product of simple yet brazen disregard for established procedures is unclear, but this Court has had enough of it and will continue to expect that the lawyers in this case will conduct themselves in accordance with applicable rules and standards.

(Op. at 16 n.16.)

> [I]t does strike the Court that Plaintiff does not yet have a full grasp on the scope and nature of his own proposed class action, which, in turn, makes it extremely difficult for Defendant to respond to such a pleading and, as already evident on this docket, drums up extensive motion practice on the pleadings. The Court granted Plaintiff some preliminary discovery to help Plaintiff shape his case,[3] but this Court will not further indulge Plaintiff's wash-rinse-repeat style of faulty pleadings. Plaintiff will be given the one final opportunity to amend provided by this Opinion.

(*Id.* at 22 n.21.)

The Court granted Plaintiff "another, *final*, opportunity to move anew for amendment," with a Court-imposed deadline of May 31, 2019. (Op. at 22 (emphasis added); Order, ECF No.

---

[3] Shortly after the Court granted Defendant's Motion for Extension of Time to File Answer, ECF No. 13, Plaintiff moved for "leave to engage in discovery and to compel 26(f) conference." (ECF No. 14.) The Court granted that request and ordered Defendant to turn over specific information, in hopes that it would expedite the pre-discovery phase and narrow the dispute between the parties. (ECF No. 22.) The Court then declined Plaintiff's "suggestion" that the Court's Order be "clarified" with additional language drafted by the Plaintiff. (ECF Nos. 23, 42.)

57.) Plaintiff then filed his Second Motion to Amend (with no accompanying brief in support and out of time) on June 1, 2019. (2d Mot. to Amend.)[4]

Contrary to the title of Plaintiff's Motion, Plaintiff does not seek, at this time, leave to amend his initial Complaint. Rather, Plaintiff admits that he is "not able to cure the procedural deficit regarding subject matter jurisdiction . . . because Plaintiff's counsel does not have a good faith belief that the CAFA requirements have been satisfied." (2d Mot. to Amend ¶ 4.) While the Court's prior Opinion focused on Plaintiff's failure to plead minimum diversity in both the initial Complaint and PAC, Plaintiff now asserts that the problem he faces is that he has no "good faith belief" that there are a sufficient number of putative class members in the main class of the initial Complaint (i.e. the numerosity requirement) to trigger CAFA jurisdiction.[5] (*Id.* ¶ 5.) Plaintiff requests leave to propound two interrogatories on defendant:

    A.  Admit that, after investigation, the Bank affirms that there are at least 100 putative class members in the Main Class of the proposed Second Amended Complaint;

    B.  Admit that, after investigation, the Bank affirms that the amount in controversy as reflected in the proposed Second Amended Complaint exceeds five million dollars.

(*Id.* ¶ 8.)

Only once Defendant responds in the affirmative would Plaintiff move for leave to file a Second Proposed Amended Complaint. (*Id.* ¶ 9.) If Defendant responds in the negative, Plaintiff will then request the matter be transferred to state court. (*Id.* ¶ 10.) Plaintiff admits that he seeks transfer in order to "ensure the tolling of this claim for Plaintiff and absent putative class members." (*Id.* ¶ 11.) Plaintiff then cites "illness and computer difficulty" as the reasons for his

---

[4] Plaintiff did not file a reply to Defendant's response.

[5] Of course, this begs the question of why Plaintiff filed the Initial Complaint, which pled CAFA jurisdiction, without a good faith belief that the initial Complaint met the CAFA requirements.

late filing. (*Id.* ¶ 13.) The only question facing the Court at this juncture is whether Plaintiff will be given leave to propound the interrogatories on Defendant.[6] The answer to that question is no.

Plaintiff's civil action was dismissed without prejudice. Plaintiff's request for discovery prior to filing an operative complaint runs afoul of the applicable Federal Rules of Civil Procedure. "The American legal system does not permit pre-action discovery." *Frigerio v. United States*, No. 10-9086, 2011 U.S. Dist. LEXIS 87470, at *1 (S.D.N.Y. Aug. 5, 2011). Only Rule 27 addresses discovery "before an action is filed," and it "is limited to those situations where a claim already exists, but for some reason cannot yet be brought, and it is important that testimony be preserved." *Id.* at *2. Courts agree that Rule 27 "is not a grant of authority to take discovery in order to gather enough evidence to bring a claim." *Id.*; *see also Talley v. Ionota*, No. 18-11, 2018 U.S. Dist. LEXIS 30122, at *4 (E.D. Pa. Feb. 26, 2018) (denying plaintiff's Rule 27 petition seeking depositions in order to pursue a § 1983 civil suit); *In re Hickey*, No. 4:17-MC-00522, 2017 U.S. Dist. LEXIS 156386, at *3 (M.D. Pa. Sep. 25, 2017) (noting this Circuit's "decisive rejection" of attempts to use Rule 27 "as a mechanism to draft a complaint"); *Shuker v. Smith & Nephew PLC*, No. 13-6158, 2015 U.S. Dist. LEXIS 106816, at *8 (E.D. Pa. Aug. 13, 2015) (denying motion for discovery filed before filing a further amended complaint and noting that the Federal Rules of Civil Procedure do not authorize pre-complaint discovery outside the scope of Rule 27); 8A Charles Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2071 (3d ed.).

In *Frigerio*, the district court granted the defendant's motion to dismiss the plaintiff's amended complaint. 2011 U.S. Dist. LEXIS 80708, at *43 (S.D.N.Y. July 21, 2011). The district court closed the case but gave the plaintiff leave to amend his malicious prosecution claim. *Id.* Instead of filing a second amended complaint, the plaintiff moved for jurisdictional discovery "to

---

[6] To the extent that Plaintiff seeks to be excused for the untimely filing of his Motion, that request is granted.

determine whether there exists such a basis for an Amended Complaint." 2011 U.S. Dist. LEXIS 87470, at *1. The Southern District of New York denied the plaintiff's request, concluding that pre-action discovery is "impermissible," and "[i]f plaintiff can state such a claim now, he should do so within the time limit set in the July 21 Opinion and Order." *Id.* at *5.

The Court, therefore, denies Plaintiff's request. Plaintiff is now out of time to file a Second Proposed Amended Complaint, and his counsel admitted in his motion that he is not able to cure his jurisdictional deficiencies. (2d Mot. to Amend ¶¶ 4, 7.) This case shall be dismissed without prejudice for want of federal subject-matter jurisdiction to Plaintiff filing suit in state court.[7] Further leave to amend is denied, since as noted above, Plaintiff's counsel concedes that he cannot plead the requisite jurisdictional facts, so leave to amend is futile. Plaintiff has been given multiple opportunities by this Court to cure his deficiencies within the parameters of the Federal Rules of Civil Procedure and—despite clear instructions from the Court on how to cure his deficiencies and warnings from the Court that Plaintiff is bound by the Federal Rules of Civil Procedure—has failed to do so. Any statute of limitations or tolling issues must be taken up by the appropriate state court at the appropriate time.

Mark R. Hornak
Chief United States District Judge

cc:     All counsel of record

Date:   July 9, 2019

---

[7] This Court will not entertain any motions to transfer this case to state court. It is well-settled law that when a federal court lacks subject-matter jurisdiction, "it is powerless to do anything but dismiss the action." *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 276 (3d Cir. 1995).

7